UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19- 01309 |
| | ) |
| $44,705.00 IN UNITED STATES | ) |
| CURRENCY, More or less, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Colin Wood, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.      This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $44,705.00 in U.S. Currency, more or less (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2.      The defendant property consists of: $44,705.00 in United States currency, more or less, that was seized by the United States Postal Inspection Service on or about June 17, 2019 during an investigation at the USPS Processing and Distribution Center in Wichita, in the

District of Kansas.   The currency is currently in the custody of the United States Postal Inspection Service.

## JURISDICTION AND VENUE

3.    Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property.   This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4.    This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b).   Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6.    The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

7.    Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof*

*at trial*. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## **CLAIM FOR RELIEF**

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

COLIN D. WOOD, #19800
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Fax (316)269-6484

3

## **DECLARATION**

I, Paul Shade, Postal Inspector, with the United States Postal Inspection Service in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __13__ day of __November__, 2019.

Paul Shade, Inspector
USPS Inspection Service

4

**AFFIDAVIT**

I, Paul Shade, being first duly sworn, depose and state:

1. Your Affiant has been employed as a United States Postal Inspector for the United States Postal Inspection Service since July, 2004.  My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and the forfeitures thereto.

2. The information contained in this affidavit is known to your Affiant through personal direct knowledge, and /or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a forfeiture proceeding.

3. On June 17, 2019, while at the Postal Service's Processing and Distribution Center, located at 7117 W. Harry St, Wichita, Kansas 67276, I observed an Express Mail parcel, bearing tracking number "EE402090438US," addressed to "Alex Ruiz, [***] Cottontail Pl, Rowland Heights, CA 91748" with a return address of "N.G. [***] N. Chautauqua, Wichita, KS 67214" was mailed on June 17, 2019 from Wichita, KS Post Office 67216. Further, the parcel weighed approximately 6 pound 1 ounce and bore $74.25 in postage ("Subject Parcel").  Investigation revealed that the $74.25 in postage was paid for with cash.

4. I queried the Subject Parcel's listed return address information (N.G. [***] N. Chautauqua, Wichita, KS 67214) in the CLEAR Law Enforcement Database as well as the US Postal Service Address Management System.  N.G., later identified as Natalie Gonzales, was identified as being associated to the address in March 2019.

5. I queried the Subject Parcel's listed addressee information (Alex Ruiz, [***] Cottontail Pl, Rowland Heights, CA 91748) in the CLEAR Law Enforcement Database as well as the US Postal Service Address Management System.  Ruiz was not identified as being associated to the address.

6. On June 17, 2019 at approximately 6:55 pm I contacted the recipient listed on Express Mail parcel, bearing tracking number "EE402090438US": Alex Ruiz. He was contacted by phone.

7. After identifying myself as a United States Postal Inspector I asked Alex Ruiz if he was expecting any packages from the Wichita Kansas area, and he said that he was expecting a package from some people that had purchased a car from him, and that they were mailing money out to California for the car. I asked Ruiz if he currently resided at the Cottontail Place address, and he said that he did. I then asked what kind of car it was that he sold to the individuals in Wichita, and he stated that it was a 2013 Buick Verano, dark blue in color. He went on to explain that he flew from California to Wichita Kansas sometime in the last week and purchased the car from an individual off of Craigslist for $40,000. He bought the car with the sole purpose of selling it, and did not title it in his own name. He stated that through a friend named Sean he was able to sell it to Natalie and Corey Gonzales for $45,000 and that was what they were mailing the funds out to him. Ruiz consented to a search of the parcel to verify the contents. I asked Ruiz what the initials NG stood for from the return address on the package, and he stated that was Natalie Gonzalez who was one of the purchasers of the car. Ruiz provided a phone number for Natalie. Ruiz also stated that the car was currently in the possession of the Gonzalez's and that that they would express mail the money out to him in California as soon as possible. Ruiz stated that this is the only transaction he did not know the Gonzalezs at all and this is the only package that has ever been mailed out to him. Ruiz said that he is going to send the bill of sale out to the Gonzales when the money arrives. Ruiz provided the following VIN for the car that he said he had purchased and then sold: 1G4PR5SK1D4113918.

8. After getting off the phone with Ruiz, I immediately began calling Natalie Gonzalez at the number provided by Ruiz. It rang busy five different times, but then she answered and explained that she was purchasing a car from Ruiz for herself and her husband Corey Gonzales. I asked Natalie where the car was currently, and she said that it was in California with Ruiz, and that after he receives the money he is going to bring the car out to them. I asked why she mailed cash rather than a bank check or something more secure and she said that she knows Alex Ruiz from long ago and trusts him with this transaction because he is a business owner and they went to school together in Kansas

when they were children. Natalie went on to explain that she sent cash because that's "just what they had down in their basement." I asked Natalie what kind of car they were purchasing and she said that it was a Buick Verano but she did not know the year or mileage. I asked what color and she said that it was grayish in color.

9. Further research into the VIN number provided by Ruiz showed that there was a 2013 Buick Verano registered to a Jeff Foss at [***] South Custer Street in Wichita Kansas. I called Foss and he told me that his 2013 Buick Verano was still in his possession, was never for sale, was never sold and was never listed for sale on any website to include Craigslist. Foss also said that his car was black in color.

10. During the investigation a certified drug detection canine alerted to the odor of controlled substances emitting from the currency.

11. The parcel was opened and contained $44,705.00 in US currency concealed inside of a metal tin and heavily taped on the outside. Dryer sheets were also found in the parcel. I know that dryer sheets are commonly used by drug traffickers to try to defeat a drug dog sniff.  A handwritten ledger was also found inside the metal tin that stated the following:

**total $45,025,**

**guy=34,600,**

**girl=20,000,**

**$54,600- 500 pay-**

**+250 over, $54,100 total- 500**

**-$75 for food, gas and toll road**

**$54,025-$9000 in bank- $45,025.**

12. Further investigation revealed multiple boxes containing methamphetamine were destined for addresses affiliated with Ruiz, including one in Wichita that contained 19.19 pounds of methamphetamine.

13. Based on the information set out above, Affiant has probable cause to believe that the $44,705.00 seized by USPIS constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable

to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et.seq.  Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. §§ 853 and 881.

Paul Shade
Postal Inspector

Sworn to and subscribed before me this _13_ day of November, 2019.

MICHELLE R. KELLOGG
Notary Public - State of Kansas
My Appt. Expires _11/2/22_

NOTARY PUBLIC